Vik Nagpal, State Bar No. 214455
vnagpal@bremerwhyte.com
Stephen R. Frieder, State Bar No. 274061
sfrieder@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
501 West Broadway
Suite 1750
San Diego, CA 92101
Telephone: (619) 236-0048
Facsimile: (619) 236-0047

Attorneys for Defendant,
Castor Transport, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL & SUN ALLIANCE INSURANCE PLC, <br><br> Plaintiff, <br><br> v. <br><br> CASTOR TRANSPORT, LLC; TRANSPORTES CASTORES DE BAJA CALIFORNIA S.A. de C.V.; and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. 13CV1811 DMS DHB <br><br> Judge: Hon. Dana Sabraw <br><br> **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> Date: December 20, 2013 <br> Time: 1:30 p.m. <br> Ctrm: 13 A |

TO THE HONORABLE DANA M. SABRAW AND ALL PARTIES AND ATTORNEYS OF RECORD:

Defendant CASTOR TRANSPORT, LLC ("Castor") hereby replies to the opposition of ROYAL SUN & ALLIANCE INSURANCE PLC ("Plaintiff") to Castor's Motion to Dismiss Plaintiff's Complaint.

## I. INTRODUCTION

Plaintiff's opposition does nothing to rebut the grounds for dismissal set forth in Castor's motion. The facts of this case make clear Plaintiff's complaint should be dismissed under the doctrine of *forum non conveniens* in favor of Mexico. Public and private factors heavily weigh in favor of Mexico as the appropriate forum. Forum aside, the Court should also dismiss this matter under Federal Rule 12(b)(6),

BREMER WHYTE BROWN & O'MEARA LLP
501 WEST BROADWAY
SUITE 1750
SAN DIEGO, CA 92101
(619) 236-0048

as Plaintiff fails to state a cause of action against Castor for which relief could be granted. Castor was not in possession of the cargo at the time of the accidents. Plaintiff failed to allege facts making it feasible for Castor to have breached a duty to Plaintiff. Thus, Plaintiff's complaint must be dismissed.

### III. The Court Should be Dismiss this Case under the Doctrine of *Forum Non Conveniens*

The Court should dismiss this case under the doctrine of *forum non conveniens* in favor of Mexico. Plaintiff acknowledges private and public factors that the Court must consider in its evaluation. However, Plaintiff incorrectly evaluates how those factors should be evaluated. In addition, Plaintiff wrongly asserts that Mexico does not provide adequate relief. Plaintiff purports the most important private factors are 1) it's insured's incorporation in California, 2) its investigator location in California, 3) the cargo was initially loaded in California, and 4) that its insured keeps records in California. These purported factors are all red herrings. In order to determine the alleged "breaches," the most appropriate venue is certainly Mexico.

*Mapfre Tepeyac, SA v. Robbins Motor Transp., Inc.*, (2006 U.S. Dist. LEXIS 90000, (S.D. Tex. Dec. 13, 2006)) dealt with very similar circumstances as the instant case. Nevertheless, the court dismissed the case under *forum non conveniens*. In *Mapfre*, a Mexican corporation hired a Texas corporation to deliver equipment from Texas to Zapopan, Mexico. That corporation, Uni-Trade, hired C&J Motor Express to deliver the goods from one portion of Texas to another. Transportes Gordillo, a Mexican company, then picked up the cargo for delivery to its final destination in Mexico. It was undisputed that the cargo was damaged in Mexico. The Plaintiff then sued Robbins, the trailer owner, under the Carmack Amendment.

The court in *Manfre* determined Mexico to be the appropriate forum. First, the court found that damages were available under Mexican law in a cargo damage case. Plaintiff did not present authority to the contrary. Here, Plaintiff likewise failed to provide authority to the contrary. In addition, the court determined the private

2

Case No. 13CV1811 DMS DHB
DEFENDANT'S REPLY

H:\3971\001\CF\Our Mtn to Dismiss\Reply to Plaintiff's Oppo.docx

interests weighed in favor of dismissal. As with *Manfre*, which presented the same potential witness and evidentiary issues, this case the products were being shipped to Mexico to be used in Mexico, the products were damaged in Mexico, and the evidence resides in Mexico. Further, all Transportes employees and legal and private investigators of the scene of the incident are in Mexico. The court in *Manfre* also determined public interests favored dismissal because all facts relating to the incident were tied to Mexico. The local venue had very little interest in such tort and contractual claims relating to an accident in Mexico. In addition, the defendant consented to jurisdiction in Mexico. Here, Castor would consent to alternate jurisdiction. Given all of the above and facts asserted in Castor's motion, it is clear the policy interests favor the Mexican court system presiding over this matter.

## II. Plaintiff Fails to State a Claim for Which Relief Can Be Granted

This case should be dismissed under Federal 12(b)(6) due to Plaintiff's failure to state a claim for which relief can be granted. Plaintiff's opposition does nothing to rebut Castor's motion, making it clear dismissal is appropriate.

### A. Breach of Contract

There is no applicable contract between Castor and Plaintiff. See Declaration of Jose Luis Sanchez Perez ("Perez Decl."), attached as Exhibit 1, ¶ 5. Castor was paid and hired by Transportes Castores de Baja California S.A. de C.V. ("Transportes"), a company incorporated in Mexico, to ship goods from within the United States to the border. Perez Decl. ¶ 5. Plaintiff has not adequately pled a claim for breach of contract. Plaintiff fails to plead a valid contract or how Castor breached the contract, given that Castor was not in possession of the cargo at the time of the accidents. The pleading is uncertain, ambiguous, and unintelligible. Thus, the pleading is facially deficient and Plaintiff's cause of action must fail.

### B. Negligence

Likewise, Plaintiff fails to set forth an adequate cause of action for negligence. Plaintiff cannot controvert the fact that Castor was not the carrier at the time of the

BREMER WHYTE BROWN & O'MEARA LLP
501 WEST BROADWAY
SUITE 1750
SAN DIEGO, CA 92101
(619) 236-0048

3

Case No. 13CV1811 DMS DHB
DEFENDANT'S REPLY

H:\3971\001\CF\Our Mtn to Dismiss\Reply to Plaintiff's Oppo.docx

accidents. Castor was hired by Transportes to drive the trailer from California to the border between Mexico and California. Perez Decl. ¶ 5. At that point, a Transportes truck and driver replaced the Castores truck and driver and began the trip to the ultimate destination. Perez Decl. ¶ 6-7. Both accidents took place while Transportes had possession of the cargo. Perez Decl. ¶ 6-7. Plaintiff cannot in good faith plead otherwise. Thus, Plaintiff failed to adequately prove duty, breach and causation and its complaint must be dismissed.

### C. Bailment

Plaintiff's claim for breach of bailment is preempted by the Carmack Amendment. *Mapfre* at 16. If the Carmack Amendment applies, Plaintiff's bailment claim must be dismissed. Even if the Court determines that the Amendment does not apply, Plaintiff's bailment claim fails because Mexican law would have to cover any negligence claim under the "most significant relationship test." Here, it is clear all pertinent evidence and witnesses to potential negligence are in Mexico. It is also undisputed that the damage to the cargo occurred in Mexico. Thus, Plaintiff's bailment claim must be dismissed under the doctrine of *forum non conveniens*.

### D. Carmack Amendement

Plaintiff alleges Castor is liable under the Carmack Amendment, 49 U.S.C. § 14706, which imposes liability on carriers of cargo. However, the Carmack Amendment only applies between a place in "The United States and a place in a foreign country to the extent the transportation is in the United States." 49 USCS § 13501(1)(E). The Amendment was enacted to provide **national** scheme of carrier liability for goods damaged or lost during **interstate** shipment under a valid bill of lading. See *Ward v. Allied Van Line, Inc.*, 231 F.3d 135, 138 (4th Cir. 2000). Here, the Court must dismiss Plaintiff's complaint for failure to state a claim because 1) Castor was not a carrier of cargo (Perez Decl. ¶ 6-7), 2) the cargo was not being transported in the United States time of the accident, and 3) Plaintiff failed to timely file its claim.

BREMER WHYTE BROWN & O'MEARA LLP
501 WEST BROADWAY
SUITE 1750
SAN DIEGO, CA 92101
(619) 236-0048

4

Case No. 13CV1811 DMS DHB
DEFENDANT'S REPLY

H:\3971\001\CF\Our Mtn to Dismiss\Reply to Plaintiff's Oppo.docx

Even if the Carmack Amendment applied, it would not apply to Castor. Castor did not have custody of the cargo at the time of the accident. In addition, Plaintiff has not pled that the entire carriage was governed by a single through bill of lading. Further, the damage was not caused by Castor – that is undisputed.

Finally, the Carmack Amendment does not apply because Plaintiff failed to timely file a notice of claims, as well as this lawsuit. Under 49 U.S.C. § 14706(e), a shipper (John Deere) has nine months from the date the shipment should have been delivered to send the carrier (allegedly defendants) notice of claim in writing. Only then may the shipper file a lawsuit. *See Consolidated Rail Corp. v. Primary Industries Corp.*, 868 F.Supp. 566, 577 (S. D. NY 1994). Actual notice is insufficient – the shipper must file a written notice of claims. *Taisho Marine & Fire Insurance Co. v. Vessel Gladiolus*, 762 F.2d 1364, 1369 (9th Cir. 1985). Here, Plaintiff did not plead any such notice or file a complaint within two years of denial.

## IV.  Conclusion

Because the Carmack Amendment does not apply, Plaintiff's complaint must be dismissed as to Castor. If the Court determines the Carmack Amendment does not apply, the negligence, bailment, and breach of contract claims must be evaluated in Mexico and this case must be dismissed under *forum non conveniens*. Even if the Court determines the Carmack Amendment does apply, it does not apply to Castor, as Castor was not the carrier at the time of the incident and Plaintiff failed to meet its procedural requirements.

Dated: December 13, 2013

BREMER WHYTE BROWN & O'MEARA LLP

By: _____
Vik Nagpal
Stephen Frieder
Attorney for Defendant
Castor Transport, LLC

BREMER WHYTE BROWN &
O'MEARA LLP
501 WEST BROADWAY
SUITE 1750
SAN DIEGO, CA 92101
(619) 236-0048

5

Case No. 13CV1811 DMS DHB
DEFENDANT'S REPLY

H:\3971\001\CF\Our Mtn to Dismiss\Reply to Plaintiff's Oppo.docx

# EXHIBIT 1

Vik Nagpal, State Bar No. 214455
vnagpal@bremerwhyte.com
Stephen L. Frieder, State Bar No. 274061
sfrieder@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
501 West Broadway
Suite 1750
San Diego, CA 92101
Telephone: (619) 236-0048
Facsimile: (619) 236-0047

Attorneys for Defendant,
Castor Transport, LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL & SUN ALLIANCE INSURANCE PLC,<br><br>Plaintiff,<br>v.<br><br>CASTOR TRANSPORT, LLC; TRANSPORTES CASTORES DE BAJA CALIFORNIA S.A. de C.V.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 13CV1811 DMS DHB<br><br>**DECLARATION OF JOSE LUIS SANCHEZ PEREZ IN SUPPORT OF DEFENDANT CASTOR TRANSPORT, LLC'S MOTION TO DISMISS** |

## DECLARATION OF JOSE LUIS SANCHEZ PEREZ IN SUPPORT OF DEFENDANT CASTOR TRANSPORT, LLC'S MOTION TO DISMISS

I, Jose Luis Sanchez Perez, declare as follows:

1. I am over the age of 18 and of sound mind. At all times referenced herein, I was the owner of Castor Transport, LLC.

2. I make the following declaration based upon my own personal knowledge and am familiar with all facts referenced herein. If called upon to do so, I could give testimony as to the following facts.

3. Castor Transport, LLC ("Castor") is a company established under the laws of the United States of America.

BREMER WHYTE BROWN & O'MEARA LLP
501 WEST BROADWAY
SUITE 1750
SAN DIEGO, CA 92101
(619) 236-0048

DECLARATION OF JOSE LUIS SANCHEZ PEREZ

C:\Users\bode\AppData\Local\Temp\Declaration of Jose Sanchez-1.docx

4. Castor is a separate entity from Transportes Castores de Baja California S.A. de C.V. ("Transportes") with a separate owner.

5. Castor did not have a contract with John Deere Water, Inc. ("John Deere") for the shipments that are the subject matter of this case. Rather, Transportes hired Castor to deliver the shipments to the border.

6. Once Castor reached the border, Transportes took sole possession and control of the shipment. Specifically, Transportes switched out its own driver and truck to complete the shipment.

7. John Deere was solely responsible for loading the cargo in the United States. Castor had no role in that process. Castor's role was limited to driving the shipments to the border, at which point Transportes took sole control.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13th day of December, 2013, at San Diego, California.

*Jose Luis S[signature] P.*
*12/13/13*

BREMER WHYTE BROWN & O'MEARA LLP
601 WEST BROADWAY
SUITE 1760
SAN DIEGO, CA 92101
(619) 236-0048

2
DECLARATION OF JOSE LUIS SANCHEZ PEREZ

C:\Users\bodo\AppData\Local\Temp\Declaration of Jose Sanchez-1.docx

# PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 501 West Broadway, Suite 1750, San Diego, CA 92101.

On December 13, 2013, I served the within document(s) described as:

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

on the interested parties in this action as stated on the attached mailing list.

[X] (BY FAX) By transmitting a true copy of the foregoing document(s) via facsimile transmission from this Firm's sending facsimile machine, whose telephone number is (619) 236-0047, to each interested party at the facsimile machine telephone number(s) set forth on the attached mailing list. Said transmission(s) were completed on the aforesaid date at the time stated on the transmission record issued by this Firm's sending facsimile machine. Each such transmission was reported as complete and without error and a transmission report was properly issued by this Firm's sending facsimile machine for each interested party served. A true copy of each transmission report is attached to the office copy of this proof of service and will be provided upon request.

[X] (BY ELECTRONIC SERVICE) Complying with Code of Civil Procedure § 1010, I caused such document(s) to be Electronically Filed and Served through CM/ECF for the above-entitled case. Upon completion of transmission of said document(s), a filing receipt is issued to the filing party acknowledging receipt, filing and service by CMF/ECF's system. A copy of the filing receipt page will be maintained with the original document(s) in our office.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 13, 2013, at San Diego, California.

I declare under penalty of perjury that the foregoing is true and correct.

_Melanie Jimenez_
(Type or print name)

(Signature)

BREMER WHYTE BROWN & O'MEARA LLP
501 WEST BROADWAY
SUITE 1750
SAN DIEGO, CA 92101
(619) 236-0048

1

H:\3971\001\PROOF OF SERVICE.docx

**Royal & Sun Alliance Insurance PLC v. Castor Transport, LLC; Transportes Castores De Baja California S.A. de C.V.; and DOES 1 through 10, inclusive**

Case No. 13CV1811 DMS DHB

| BWB&O CLIENT: | Castor Transport, LLC |
| BWB&O FILE NO.: | 3971.001 |

## SERVICE LIST

| | Dennis A Cammarano<br>Cammarano Law Group<br>555 East Ocean Boulevard<br>Suite 501<br>Long Beach, CA 90802<br>(562)495-9501<br>Fax: (562)495-3674<br>Email: dcammarano@camlegal.com | |

BREMER WHYTE BROWN & O'MEARA LLP
501 WEST BROADWAY
SUITE 1750
SAN DIEGO, CA 92101
(619) 236-0048

2

H:\3971\001\PROOF OF SERVICE.docx