**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROYAL & SUN ALLIANCE INSURANCE PLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CASTOR TRANSPORT, LLC, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No.  13-cv-01811-BAS(DHB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO SET ASIDE DEFAULT (ECF NO. 31); AND**<br><br>**(2) TERMINATING AS MOOT MOTION FOR DEFAULT JUDGMENT (ECF NO. 29)** |

　　　On November 18, 2013, the Clerk of the Court entered default against Defendant Transportes Castores de Baja California S.A. de C.V. ("Defendant") (ECF No. 12.)  On May 30, 2014, Plaintiff Royal & Sun Alliance Insurance, Plc ("Plaintiff") filed a motion for default judgment against Defendant. (ECF No. 29.) Defendant now moves to set aside the entry of default. (ECF No. 31.) Plaintiff opposes. (ECF No. 34.)

　　　The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1).  For the following

reasons, the Court (1) **GRANTS** Defendant's motion to set aside the default; and (2) **TERMINATES AS MOOT** Plaintiff's motion for default judgment.

## I.  BACKGROUND

Plaintiff commenced this action on August 6, 2013 against Defendant and Castor Transport, LLC ("Castor Transport") alleging non-delivery of cargo, negligence, breach of contract, and breach of bailment. (ECF No. 1 ("Compl.").) On September 10, 2013, a summons was returned executed by Plaintiff as to Defendant. (ECF No. 6.) The Proof of Service of Summons stated that Plaintiff served Defendant on August 29, 2013 by means of substituted service by leaving the documents with or in the presence of Jonathan Arias. (*Id*. at 2.) Thereafter, Plaintiff mailed copies of the summons, complaint, civil case cover sheet, and notice of party with financial interest to Defendant c/o Jose L. Sanchez, 10031 Marconi Drive 3F, San Diego, CA 92154. (*Id*. at 2-3.) Defendant did not file a responsive pleading.

On November 14, 2013, Plaintiff requested that the Clerk of the Court enter default against Defendant. (ECF No. 11.) The Clerk entered default on November 18, 2013. (ECF No. 12.) On May 30, 2014, Plaintiff filed a motion for default judgment against Defendant. (ECF No. 29.) Thereafter, on July 17, 2014, Defendant moved to set aside the default. (ECF No. 31.)

## II.  LEGAL STANDARD

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Rule 4 of the Federal Rules of Civil Procedure. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th Cir. 1988). "However, 'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" *Id*. (quoting *United Food & Commercial Workers Union v. Alpha Beta Co*., 736 F.2d 1371, 1382 (9th Cir. 1984). "Nonetheless, without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint

1  will provide personal jurisdiction." *Id.* (citation and internal quotations omitted).
2  "A general appearance or responsive pleading by a defendant that fails to dispute
3  personal jurisdiction will waive any defect in service or personal jurisdiction."
4  *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

5       If a complaint is properly served, failure to make a timely answer or
6  otherwise defend will justify entry of default. Fed. R. Civ. P. 55(a). Under Rule
7  55(c) of the Federal Rules of Civil Procedure, the court "may set aside an entry of
8  default for good cause." Fed. R. Civ. P. 55(c). The court's good cause analysis
9  considers the following three so-called "*Falk* factors": "(1) whether the plaintiff
10 will be prejudiced, (2) whether the defendant has [no] meritorious defense, and (3)
11 whether culpable conduct of the defendant led to the default." *Brandt v. Am.*
12 *Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v.*
13 *Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). These factors are disjunctive and a
14 district court may deny a motion to set aside default if any of the three factors is
15 true. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926
16 (9th Cir. 2004). Nonetheless, a district court is not, as a matter of law, required to
17 deny a motion to set aside entry of default upon a finding of any of the factors. *See*
18 *Brandt*, 653 F.3d at 1111. The defendant moving to set aside default bears the
19 burden of showing that any of these factors favor setting aside default. *Id.*

20      Notably, "[j]udgment by default is a drastic step appropriate only in extreme
21 circumstances; a case should, whenever possible, be decided on the merits." *Falk*,
22 739 F.2d at 463. Thus, "[w]here timely relief is sought from a default . . . and the
23 movant has a meritorious defense, doubt, if any, should be resolved in favor of the
24 motion to set aside the [default] so that cases may be decided on their merits."
25 *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986) (quoting
26 *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir.1974)). The court has broad
27 discretion in setting aside entry of default. *Id.* at 945.
28 ///

## III. ANALYSIS

### A. Jurisdiction

Defendant first argues that it was not validly served with the summons and complaint, and therefore this Court has no jurisdiction over Defendant and the default should be set aside. (ECF No. 31-2 at pp. 2, 5.) In its opposition, Plaintiff does not specifically address this contention. Rather, Plaintiff argues that Defendant and Castor Transport are closely related companies and Defendant was well aware of this lawsuit as early as September 11, 2013. (ECF No. 34 at pp. 1, 5-6.)

A court may set aside an entry of default because of improper service under Rule 4. *See S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("*Internet Solutions*"). However, a defendant moving to set aside entry of default based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default, bears the burden of proving that service did not occur. *Id*.

#### 1. General Appearance

As an initial matter, "[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Benny*, 799 F.2d at 492. "An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear." *Id*. (citation omitted).

Prior to entry of default, Plaintiff contends that individuals "representing themselves to be from [Defendant]," including Jose L. Sanchez, his son Luis Antonio Sanchez, and Defendant's Mexico counsel, Victor Manuel Sanchez Quiroz, attended a meeting at his counsel's office in Long Beach, California in which everyone in attendance discussed the facts of the case and other matters relevant to the litigation on September 11, 2013. (ECF Nos. 34 at pp. 2, 5-6; 34-2

at ¶ 3.) While informal contacts have sufficed to constitute an appearance, this is true only when the party demonstrates a clear purpose to defend the suit. *See Wilson v. Moore & Assocs., Inc.,* 564 F.2d 366, 368-69 (9th Cir. 1977).

Here, it is uncertain whether any of the individuals at the meeting actually represented Defendant. Plaintiff's counsel contends that although he was not provided with their business cards, each of the four attendees indicated they were with Defendant. (ECF No. 34-2 at ¶ 3.) However, Defendant asserts that Jose L. Sanchez is a member of Castor Transport,[1] an entirely separate company, and is not, and has never been, an officer or director of Defendant. (ECF No. 31-1 ("Sesma Decl.")[2] at ¶¶ 4-5.) Moreover, Defendant does not mention the meeting in support of its motion to set aside default. Rather Defendant, by means of a declaration from its corporate attorney and Secretary of the Counsel, contends that it first became aware of the lawsuit by means of a communication from Mr. Sanchez shortly prior to the Early Neutral Evaluation Conference ("ENE"), which occurred in March 2014. (*Id.* at ¶¶ 4-5; 23, 24.)[3] Carlos Villgran Cervantes, a

---

[1] The Court notes that Jose L. Sanchez has filed a declaration in this case stating that he was the owner of Castor Transport, which is a separate entity from Defendant and has a separate owner. (ECF No. 14 at Exh. 1.) The Court further notes that in the Order following the ENE held on March 17, 2014, Mr. Sanchez appeared as a representative of Castor Transport and not of Defendant. (ECF No. 24.)

[2] Plaintiff filed an objection to Mr. Sesma's declaration (ECF No. 35) and argued in its opposition that Mr. Sesma does not have firsthand knowledge of the facts asserted and that "[n]owhere in the declaration is any assertion that Mr. Sesma has firsthand knowledge of the facts asserted." (ECF No. 34 at p. 9.) However, Mr. Sesma states in paragraph 1 of his declaration that he has "personal knowledge of the facts stated in this declaration." (Sesma Decl. at ¶ 1.) He further states that in preparing the declaration he relied upon his knowledge and review of Defendant's business records, which he uses "in the normal course of [his] duties as attorney for [Defendant]." (*Id.* at ¶ 2.) The Court will therefore consider Mr. Sesma's declaration and give it the weight the Court deems appropriate.

[3] Defendant erroneously refers to May 2014, which the Court will construe as a mistake because Defendant affirmatively states it was aware of the lawsuit prior

1  corporate lawyer for Defendant, thereafter travelled to San Diego and observed the
2  hearing. (*Id.*) Thus, who, if anyone, represented Defendant at the September 2013
3  meeting is unclear. Regardless, there is no indication that Defendant demonstrated
4  a clear purpose to defend the suit during this meeting. There is no indication
5  settlement discussions occurred. *See Wilson,* 564 F.2d at 368-69. Accordingly, the
6  Court declines to find that Defendant made an appearance in this matter by
7  attending this meeting thereby waiving any defects in service or personal
8  jurisdiction.

9        As noted above, Mr. Cervantes, a representative of Defendant appeared at the
10 ENE, thus indicating actual knowledge of the lawsuit at least as early as March 17,
11 2014. (*See* ECF Nos. 23, 24.) By this time, however, default had already been
12 entered against Defendant. Nonetheless, in determining whether there has been
13 waiver of service, the Court also finds that Mr. Cervantes' attendance at the ENE
14 did not constitute an appearance. Defendant asserts that Mr. Cervantes participated
15 in the ENE simply as an observer and, although "the judge was gracious enough to
16 provide him with a copy of the complaint," Mr. Cervantes "made himself clear
17 enough that he was not authorized to accept service of process on behalf of the
18 corporation." (Sesma Decl. at ¶ 10.) There is no assertion to the contrary. The
19 Court therefore finds that Mr. Cervantes' attendance did not manifest a clear
20 purpose to defend the suit. *See Benny*, 799 F.2d at 492-93 (finding that contacts
21 with the court, including filing motions to extend time to defend a suit, which do
22 not manifest a clear purpose to defend do not constitute an appearance).
23 Accordingly, the Court turns to whether service was properly effectuated pursuant
24 to Rule 4.

25       2.    <u>Service</u>
26       Federal Rule of Civil Procedure 4(h)(1) provides that a foreign corporation[4]

---

28 to the ENE which occurred in March 2014.

    [4] Plaintiff's Complaint alleges that Defendant "was a foreign corporation

– 6 –                   13cv1811

may be served:
> (1) in a judicial district of the United States:
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant….

Fed. R. Civ. P. 4(h)(1). "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Internet Solutions*, 509 F.3d at 1166 (citation and quotations omitted). The burden cannot be met with a mere conclusory denial of service. *Id*. at 1167.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served in any judicial district of the United States by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1). California law allows a party to effect service on a corporation by serving the person designated as agent for service of process or the "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process" by personal delivery or by "leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint . . . to the person to be served at the place where a copy of the summons and complaint were

---

organized under the laws of Mexico." (Compl. at ¶ 3.) Defendant affirms that it is a business entity incorporated under the federal laws of Mexico and the State of Guanajuato, Mexico. (Sesma Decl. at ¶ 3.)

left." Cal. Code Civ. P. §§ 416.10, 415.10, 415.20(a). Rule 4(h)(1)(B) sets forth a similar standard. *See* Fed. R. Civ. P. 4(h)(1)(B).

Despite the language of Rule 4, however, service of process may also "be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists, Inc.*, 840 F.2d at 688 (quotations and citation omitted).

It does not appear Plaintiff has complied with these requirements. According to the Proof of Service of Summons, Plaintiff served the summons and complaint by leaving a copy of the summons and complaint at the office of Castor Transport in San Diego in the presence of Jonathan Arias and thereafter mailing a copy to Mr. Sanchez at the same office address in San Diego. (ECF No. 11.) Defendant asserts that Mr. Sanchez and Mr. Arias have never been agents for service of process for Defendant, never been officers or directors of Defendant, and have never been authorized to accept service on behalf of Defendant. (Sesma Decl. at ¶ 4.) Defendant's only registered agents for service of legal documents are Mario Cesar Guillen Sesma and/or Claudia Ivette Anzaldo Gallegos at Boulevard Jose Maria Morelos #2975, Colonia Alfaro, Leon, Guanajuato, Mexico. (*Id.* at ¶¶ 3, 7.) Defendant further asserts that Mr. Sanchez is a member of Castor Transport, Defendant has neither used nor maintained any office in California, and all of Defendant's officers, directors, and employees live and work in Mexico. (*Id.* at ¶¶ 5, 10.)

Plaintiff does not dispute these assertions. Rather, Plaintiff contends that Mr. Sanchez represented himself as being "from" or "with" Defendant at the meeting in September 2013 (ECF Nos. 34 at p. 1; 34-2 at ¶ 3), used an email address purportedly associated with Defendant (ECF No. 34-2 at ¶¶ 8-9), and his signature block on an email identifies him as being with "Castores Tijuana" (*id.* at ¶ 9). This

is insufficient to establish Mr. Sanchez as an agent, officer or director, or person otherwise authorized to accept service on behalf of Defendant. While the Court recognizes the potential for Plaintiff's confusion, there is nothing confirming that Mr. Sanchez is even an employee of Defendant, much less that it was fair, reasonable and just to imply Mr. Sanchez had the authority to receive legal service on behalf of Defendant. Accordingly, the Court finds that Defendant has not been served pursuant to Rule 4 and entry of default should be set aside. An analysis of the *Falk* Factors below further supports setting aside entry of default.

### B. *Falk* Factors

#### 1. Culpability

A defendant's conduct is culpable if it has "received actual or constructive notice of the filing of the action and *intentionall*y failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (citation omitted), overruled in part on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The term "intentionally" does not mean a court can treat a defendant as culpable "simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) ("*Mesle*") (internal quotations omitted). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional.'" *TCI Grp.*, 244 F.3d at 697–98. Such conduct is not *necessarily* culpable or inexcusable, although it may be "once the equitable factors are considered." *Id*.

Defendant argues its conduct is excusable because it was not aware of the lawsuit until March 2014. (ECF No. 31-2 at p. 5.) As discussed above, there is no

1 confirmation that Defendant received a copy of the complaint and summons prior to
2 the entry of default. Moreover, Defendant states that it was not aware that it was a
3 defendant in this lawsuit prior to being informed of the ENE in early 2014. (Sesma
4 Decl. at ¶ 10.) While Defendant was indisputably aware of the lawsuit, as well as
5 the entry of default, in March 2014, and did not move to set aside the default until
6 after a motion for default judgment was filed in May 2014, Defendant has
7 maintained the reasonable position that it was never served. Arguably, Defendant
8 should have sought to set aside the entry of default shortly after the ENE.
9 However, there is no indication that Defendant has acted with bad faith or
10 attempted to avoid service or otherwise manipulate the legal process. Accordingly,
11 the Court finds Defendant's conduct did not lead to the default.

12           2.      <u>Meritorious Defense</u>

13      The underlying concern of this factor "is to determine whether there is some
14 possibility that the outcome of the suit after a full trial will be contrary to the result
15 achieved by the default." *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508,
16 513 (9th Cir. 1986). The party in default is therefore required to make "some
17 showing of a meritorious defense." *Id*. Notably, "the standards for setting aside
18 entry of default under Rule 55(c) are less rigorous than those for setting aside a
19 default." *Id*.

20      The Complaint seeks damages related to two truck accidents in Mexico
21 which occurred while the trucks were carrying irrigation systems owned by John
22 Deere Water, Inc. ("John Deere") from the United States to Mexico. (Compl. at ¶¶
23 6-12.) Plaintiff insured John Deere against the loss and, having paid the losses for
24 the cargo, is seeking recovery, as a subrogee, of the amounts it paid. (*Id*. at ¶ 1.)
25 Plaintiff alleges causes of action for non-delivery of cargo, negligence, breach of
26 contract, and breach of bailment. (*Id*. at ¶¶ 1-22.)

27      Defendant does not dispute that it was the carrier of the John Deere freight
28 damaged in Mexico. (Sesma Decl. at ¶ 13.) Rather, it asserts the following

defenses: (1) no valid service of process; (2) no personal jurisdiction; (3) Mexican law applies to this case; (4) John Deere was at fault for the accidents through its negligent loading of the freight; and (5) John Deere apparently recovered its merchandise so it is not clear whether it suffered any damages at all. (ECF No. 31-2 at p. 7.)

In support of its first three defenses, Defendant contends that, as required by law, it only operates in the country of Mexico and does not do business in California. (Sesma Decl. at ¶ 6.) Therefore, it works together with Castor Transport "in a symbiotic business relationship" whereby Castor Transport handles transport in the United States and Defendant handles transport in Mexico. (*Id.*) Defendant further argues, without citation, that all carriers transporting freight in Mexico are subject to the laws and regulations of Mexico. (*Id.* at ¶ 13.) Defendant also contends that "[i]t appears that improperly loaded containers were the cause of both accidents" and John Deere loaded both truck containers. (*Id.*) Lastly, Defendant contends that John Deere "apparently recovered some or all of their freight," thus the amount Plaintiff is seeking is too high. (*Id.*)

The Court finds at least some of these defenses to be potentially meritorious. Notably, the Court previously granted a motion to dismiss the claims for non-delivery of cargo under the Carmack Amendment, 49 U.S.C. § 14706, *et seq.*, filed by Castor Transport because the complaint "provides an insufficient factual basis to reasonably draw an inference" that the Carmack Amendment applies. (ECF No. 16.) The Carmack Amendment provides jurisdiction over motor carrier liability for transportation between "the United States and a place in a foreign country to the extent the transportation is in the United States." 49 U.S.C. § 13501(1)(E); *see also Project Hope v. M/V IBN SINA*, 250 F.3d 67, 75 (2d. Cir. 2001) ("[I]f the final intended destination at the time the shipment begins is a foreign nation, the Carmack Amendment applies throughout the entire portion of the shipment taking place within the United States, including intrastate legs of the shipment.").

Liability is imposed under the Carmack Amendment, in relevant part, as follows:

> [A] carrier and any other carrier that delivers … property and is providing transportation or service subject to jurisdiction under [49 U.S.C. § 13501] are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed ... is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading ….

49 U.S.C. § 14706(a)(1). "A bill of lading is a contract between the carrier and the shipper." *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1098 (9th Cir. 2011). A through bill of lading is a bill of lading "that covers the entire shipment from the point of origin to destination, even though different carriers may be used to perform various segments of the shipment." *N. Marine Underwriters, Ltd. v. FBI Express, Inc.*, 2009 WL 7326068, at *3 (S.D. Tex. Apr. 20, 2009) (citing *Commercial Union Ins. Co. v. Sea Harvest Seafood Co.*, 251 F.3d 1294, 1302 (10th Cir. 2001); *Mapfre Tepeyac, SA v. Robbins Motor Transp., Inc.*, 2006 WL 3694502, at *3 (S.D.Tex. Dec.13, 2006)). Whether a particular document is a through bill of lading is a question of fact. *Union Pac. R.R. Co. v. Greentree Transp. Trucking Co.*, 293 F.3d 120, 127 (3rd Cir. 2002).

Even if the Carmack Amendment applies, however, a carrier is not liable for damages if it can show that the damage was caused by "(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." *Mo. Pac. Co. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964); *see also Ward v. Allied Van Lines, Inc.*, 231 F.3d 135, 139-40 (4th Cir. 2000).

Here, in granting Castor Transport's motion to dismiss the Carmack Amendment claim, the Court noted as follows:

> Although the complaint does not foreclose an inference that Castor

> [Transport] is liable for the loss under the Carmack Amendment, it provides an insufficient factual basis to reasonably draw such an inference, as both Defendants are lumped together, and the involvement of each Defendant is not distinguished from the other with respect to such relevant facts as identity of the contracting parties, any bills of lading, cargo loading, or possession of cargo at the time of the accidents.

(ECF No. 16 at p. 3, lines 10-14.) These issues remain unclear. Accordingly, the Court finds that Defendant has made some showing of a meritorious defense.

### 3. Prejudice

Prejudice is determined by whether Plaintiff's ability to pursue its claim will be hindered. *See Knoebber*, 244 F.3d at 701 (citing *Falk*, 739 F.2d at 463). "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id*. Rather, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id*. (quoting *Thompson v. Am. Home Assurance Co*., 95 F.3d 429, 433-34 (6th Cir. 1996)). Being forced to litigate on the merits cannot be considered prejudicial for purposes of removing entry of default. *Id*. Vacating the entry of default "merely restores the parties to an even footing in the litigation." *Id*.

Plaintiff argues that it will be prejudiced because "[h]ad [Defendant] appeared in the case, Plaintiff's decision whether to amend its complaint or proceed on its remaining causes of action may have been different." (ECF No. 34 at p. 7, lines 19-21.) Plaintiff further argues that it has had no opportunity to request discovery from Defendant as the discovery cutoff date was October 31, 2014, and the deadline to disclose expert witnesses was August 22, 2014. (*Id*. at pp. 7-8.) Given that the Court is amenable to modifying the Scheduling Order issued in this case to allow Plaintiff to amend its complaint and conduct discovery as necessary, the Court finds that Plaintiff's ability to pursue its claim will not be hindered and therefore there will be no prejudice to Plaintiff caused by setting aside the entry of

default.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to set aside the entry of default (ECF No. 31).  The Court also **TERMINATES AS MOOT** Plaintiff's motion for default judgment (ECF No. 29).  The Court further **ORDERS** as follows:

1. Plaintiff shall serve Defendant within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

**DATED:  November 13, 2014**

Hon. Cynthia Bashant
United States District Judge